(*Circuit Court of Cook County. In Chancery.*)

### Chicago and Cook County Branch National Stone Cutters Society of the United States, et al.

#### vs.

### Journeymen Stone Cutters Association of North America.

(April 18, 1906.)

1. STRIKES—INJUNCTION NOT ISSUED AGAINST PEACEABLE PERSUASION. An injunction against peaceable persuasion by strikers refused because of the difficulty of drawing the line between peaceable persuasion and actual intimidation.

2. SYMPATHETIC STRIKES—BOYCOTT—INJUNCTION. A sympathetic strike is nothing more or less than a boycott within the Illinois statute, and such boycotts may be enjoined.

3. SYMPATHETIC STRIKE BY RIVAL UNIONS—INJUNCTION. A union of stone-cutters and its members complained that a rival union of stone-cutters as well as other unions of men employed in the building trades were endeavoring by force, violence and persuasion to secure the complainants' discharge from their occupation and were also threatening to call a strike of all union men employed on any buildings on which complainants were employed, in other words, a sympathetic strike. *Held*, that an injunction would issue against such acts.

General number 269,695. Bill for an injunction.

*A. C. Allen*, solicitor for complainants.

*J. F. Brady*, solicitor for defendants.

MACK, J.:—

A union of stone cutters and its members complain that a rival union of stone cutters, as well as other unions of men employed in the building trades, are endeavoring, by force, violence and persuasion, to secure the complainants' discharge from their occupation, and are also threatening to call a strike of all union men employed on any buildings on which complainants may be employed; in other words, a sympathetic strike. The object, as alleged, is to break up the complainants' union and to compel them to join the defendants at what is alleged to be an exorbitant initiation fee. Defendants do not object to an injunction against violence, force or intimidation or the threats thereof. They do object to an injunction against persuasion, and also to an injunction against their calling a sympathetic strike.

Whilst it is perfectly true that persuasion may change instantaneously into intimidation, and whilst it is likewise true that in the history of Chicago strikes, peaceable persuasion, which is the only real persuasion, has been rare, and intimidation and violence but too common, nevertheless the court must recognize the possibility of peaceable methods in labor struggles. It should not give the striker an excuse to indulge in illegal methods by forbidding him to use the lawful weapons of peaceable argument. Until the higher courts declare

that "peaceable persuasion" is a pure fiction or that the use of it is illegal, this court is not disposed to enjoin persuasion that is really peaceable, because of a fear that the line between peaceable persuasion and actual intimidation may be difficult to draw. In failing to enjoin peaceable persuasion, the court desires it distinctly to be understood that language is not the sole criterion of the methods adopted; that the attitude, the voice, the gesture, even the numbers of those alleging that they are persuading, may be sufficient to turn that which would otherwise be peaceable persuasion into intimidation and coercion or the threat thereof. In carefully limiting the order of injunction so as not to forbid that which is lawful, and in punishing swiftly and severely any indirect as well as any direct violation thereof, the court believes that justice will be best served. For this reason the court has substituted in the injunction order submitted by complainants the phrase "persuasion that is not peaceable" for the word "persuasion," in accordance with the precedents established in the Piano and Organ Workers case (124 Ill. App. 353).

It is unnecessary in this case to express an opinion on the legality of a strike called to enforce the "closed shop," the purpose and object of which is not to confer a direct benefit on the striker, by securing higher wages or shorter hours, but an indirect benefit by securing exclusive employment. Whether such indirect benefit, involving, as it does, direct injury to those who are sought to be shut out from employment, is a sufficient justification for calling a strike, is a point on which the courts differ. The sympathetic strike, however, is not a clashing of competitive forces; its object is not to better the condition of the striker himself, but to assist his friend by injuring that friend's opponent. Whatever justification there may be for injury to another, when, in the battle of life, one's own rights are endeavored to be protected, there is no legal justification for such injury when the purpose of it is not self-preservation but aid to another. Nor is the possible indirect and remote benefit that might result to each of several confederated but non-competing unions a sufficient justification for the direct infliction of in-

jury on third persons. But whatever be the common law, it seems clear that the sympathetic strike is nothing more or less than a boycott within the language of the Illinois statute. To order a plumber, for example, to strike for the purpose of compelling the contractor to discharge one set of stone cutters with whom he is entirely satisfied, and to employ another set whom he does not want, is to establish a boycott against the first set of stone cutters. It threatens harm and injury to their customer, the contractor, unless he desists from dealing with them. As the appellate court has held in the Piano Workers case, it is the duty of the court of equity in this state to enjoin such a boycott. *Piano & Organ Workers' International Union v. Piano & Organ Supply Co.*, 124 Ill. App. 353.

Modified as aforesaid, the injunction prayed for is granted on complainants giving bond in the sum of one thousand dollars. ·

### NOTE.

The injunction issued by the court in the above case was as follows:

*To Chicago Branch of Journeymen Stone Cutters' Association of North America, Charles Baumann, Chicago Journeymen Plumbers' Benevolent and Protective Association, Thomas Kearney, John J. Bushnell, Journeymen Steam Fitters' Protective Association, Charles M. Rau, Junior Steam Fitters' Protective Association, Martin "Skinny" Madden, Architectural Iron Workers' Union of Chicago, Frank Thoman, Steam Pipe and Boiler Coverers' Union, Walter Olson, Electrical Workers' Union, Local Number 134, Charles Bloomfield, Associated Building Trades of Chicago and Cook County, and Charles M. Rau, and your attorneys, solicitors, agents and servants, and to each and every of them,* GREETING:

WHEREAS, it has been represented unto the Honorable Julian W. Mack, one of the judges of the Circuit Court of Cook County, in the State aforesaid, on the part of Chicago and Cook County Branch National Stone Cutters' Society of United States, Michael Benson, Michael Nader, John Toussaint, John Knowl, John Miller, Thomas Norman, August Wielandt, William Van Dyke, W. H. Mitchell, Albert Norman and Harry Green, complainants in the certain bill of complaint exhibited before said judge and filed in said court against you, the said above named defendants, among other things that you are combining and confederating with others to injure the complainants, touching the matters set forth in their said bill, and that your

actings and doings in the premises are contrary to equity and good conscience. And the said judge having duly entered an order that a writ of injunction issue out of said court, according to the prayer of said bill. Therefore, in consideration thereof, and of the particular matters in said bill set forth, do strictly command you, the said above named defendants and your confederates and you and each of your servants and agents and any and all persons aiding or assisting you or any of you now or hereafter confederating or acting in concert with you or any of you, that you do absolutely at all times hereafter desist and refrain from in any manner by any of the means hereinafter specified interfering with, hindering, obstructing or stopping complainants, or any of them, in their employment and occupation as stone cutters or stone carvers in the city of Chicago, or elsewhere;

And also from entering into or upon the grounds, places or buildings where the complainants, or any or either of them, may at any time be at work, for the purpose of interfering with, hindering or obstructing, or in such a manner as to interfere with, hinder, or obstruct complainants or any or either of them in their said occupation or in the carrying out of any contract of employment heretofore or hereafter entered into by complainants, or any or either of them, by any such means, or for the purpose of compelling or inducing, or in such a manner as to compel, induce or attempt to compel or induce, by force, intimidation, violence, or threats thereof, or by persuasion that is not peaceable, any employer or employers of complainants, or any or either of them, to refuse to carry out any contract or contracts which such employer or employers may now or hereafter have with complainants, or any or either of them; and by the like means from procuring or causing any employer or employers of complainants, or any or either of them, to discharge complainants, or any or either of them; or by the like means from doing any acts to prevent complainants, or any or either of them, from performing their work wherever they may at any time be employed;

And also from compelling or inducing, or attempting to compel or induce, by intimidation, force, violence, or threats thereof, or by persuasion that is not peaceable, any employer or employers of complainants, or any or either of them, at any time to discharge complainants, or any or either of them, or interfere with them, or any or either of them in the performance by them of their work and duties as stone cutters or stone carvers;

And also from preventing or attempting to prevent any person, firm or corporation whatsoever, by threats, intimidation, force or violence, or threats thereof, or by persuasion that is not peaceable, from employing complainants, or any or either of them, in or upon any contract, job or work whatsoever;

And also from compelling or·inducing, or attempting to compel or induce by intimidation, force, violence, or threats thereof, or by persuasion that is not peaceable, any person, firm or corporation employing complainants, or any or either of them, at any time, to discharge complainants, or any or either of them, or to refuse to retain complainants, or any or either of them, in their said trade and occupation;

And also from entering into any conspiracy or confederation or combination to restrain or obstruct complainants, or any or either of them, in and about their said employment, wherever they may now or hereafter be employed in the city of Chicago;

And also from inaugurating, instituting, maintaining or enforcing any boycott against the complainants, or any or either of them, in the city of Chicago;

And also from instituting or maintaining any strike in the city of Chicago, for the purpose of compelling complainants, or any or either of them, to abandon the complainant organization, Chicago and Cook County Branch National Stone Cutters' Society of the United States, or join the defendant organization, Journeymen Stone Cutters' Association of North America, until this honorable court in chancery make other order to the contrary. Wherefore fail not under penalty of what the law directs.

To the sheriff of said county to execute and return in due form of law.

WITNESS, James J. Gray, clerk of said court, and the seal thereof at Chicago, aforesaid, this 18th day of April, A. D. 1906.

[SEAL.]                                          JAMES J. GRAY, *Clerk.*